RECEIVED CLERK'S OFFICE

2009 AUG 20 A 11: 14

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Avery Mason, ) C/A No 2:09-2044-JFA-RSC
)
    Petitioner, )
)
v. ) REPORT AND RECOMMENDATION
)
)
Warden Manning Correctional )
Institution, )
)
    Respondent. )

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995);*Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed

by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## **Background**

Avery Mason (Petitioner) is an inmate at Manning Correctional Institution.[1] He is serving a seven (7) year sentence stemming from a conviction for the offense of possession with intent to distribute crack cocaine. After a jury trial, Petitioner was sentenced in the Horry County Court of General Sessions on September 12, 2007. Petitioner filed a direct appeal with the South Carolina Court of Appeals. Petitioner's appeal remains pending.

---

[1] Plaintiff was incarcerated at Campbell Pre-Release Center when this case was filed. However, Plaintiff submitted a Notice of Address Change (Docket Entry No. 4) on August 11, 2009, indicating he has been transferred to Manning Correctional Institution.

2

Petitioner has filed for federal habeas corpus relief under 28 U.S.C. § 2254.[2] Petitioner alleges an excessive delay by the South Carolina Court of Appeals in determining his direct appeal.[3]

## Discussion

The instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 is subject to dismissal because Petitioner has not exhausted his state court remedies. With respect to his conviction and sentence, a petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971). The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State."

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first

---

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[3] Petitioner's appeal had been pending approximately twenty-two (22) months at the time the instant petition was filed.

opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts. . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 911 (citations omitted).[4] Because further review by a higher state court of Petitioner's conviction and sentence is currently pending, the grounds Petitioner could raise in a § 2254 petition have not been exhausted. *See In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies"). *See also State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002).

---

[4]

Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

4

Petitioner indicates that he is bringing this habeas action prior to exhaustion because of inordinate delay by the South Carolina Court of Appeals in determining his direct appeal. Courts have held that "[s]tate remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman*, No. 94-6424, 1995 WL 48002 at *1(4th Cir. February 8, 1995). In *Ward*, the Court held that a fifteen year delay in a direct appeal from a conviction rendered the petitioner's state remedies ineffective. Here, however, the delay that Petitioner complains of does not rise to the level of the delay in *Ward* and does not render Petitioner's state court remedies ineffective.[5]

## RECOMMENDATION

Accordingly, it is recommended that this petition for a writ of habeas corpus be dismissed *without prejudice* and without issuance and service of process upon the Respondent. Petitioner's attention is directed to the important notice on the following page.

August 20, 2009
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

---

[5] Generally, a more lengthy delay than that of which Petitioner complains is required. *See, e.g., Lee v. Stickman*, 357 F.3d 338 (3d Cir. 2004(eight-year delay of post conviction relief (PCR) action); *Mathis v. Hood*, 851 F.2d 612 (2d Cir.1988) (six-year delay in direct appeal); *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir.1987) (five-and one-half-year delay); *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir.1986) (thirty-three-month delay in state PCR action). *See generally Patterson v. Leeke*, 556 F.2d 1168 (4th Cir.1977).

# Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).